Judge Pauley

07 CV 5566

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 32BJ,

                 Plaintiff,

    v.

SEA PARK EAST COMP.,
Phipps House Services, Inc.

                 Defendant.
------------------------------------------------------------X

**COMPLAINT TO ENFORCE ARBITRATION AWARD**

JUN 1 1 2007

Plaintiff, Service Employees International Union, Local 32BJ ("Local 32BJ" or "the Union"), brings this action for enforcement of an arbitration award:

### INTRODUCTION

1.     This action seeks to confirm and enforce a labor arbitration award issued on June 14, 2006, by Arbitrator Noel B. Berman in proceedings under a collective bargaining agreement.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under §301 of the Labor Management Relations Act, 29 U.S.C. §185 and 28 U.S.C. §1331.

3.     Venue is proper in this District because the Award was made in this District.

### PARTIES

4.     Local 32BJ is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. §152(5), representing over 80,000 building service workers in the greater New York metropolitan area.

5.     Defendant ("Sea Park" or "Employer") is an employer engaged in interstate

1

commerce within the meaning of the National Labor Relations Act, 29 U.S.C. §152(2).

## CAUSE OF ACTION

6. Local 32BJ and Sea Park are parties to the 2003 Independent Apartment House Agreement ("IAHA"), effective April 21, 2003 through April 20, 2006. The IAHA establishes wages, benefits and other terms and conditions of employment for the building service workers employed by the Employer. A true copy of the IAHA is annexed as Exhibit A.

7. The IAHA covers the work performed by Sea Park cleaning employees working at apartment buildings located at 2727 Surf Avenue, 2828 West 28th Street and 2930 West 30th Street, Brooklyn, New York.

8. The IAHA provides at Article 5 that any dispute arising between the parties under the Agreement may be submitted to a contract arbitrator and that the arbitrator's award shall be final and binding upon the parties. Exhibit A, page 2.

9. The IAHA provides at Article 10, §36 that employees with at least one year of service are entitled to ten sick days, and that employees who fail to use all ten sick days in a given calendar year shall be paid for the unused days by January 30th of the following year. The Article further imposes a penalty on the Employer of an additional day's pay, if the Employer fails to pay unused sick days by February 1. Exhibit A, page 10.

10. On or about September 12, 2005, Local 32BJ notified Sea Park of its intent to arbitrate a dispute arising under the IAHA concerning, *inter alia*, Sea Park's failure to properly pay employees their unused 2004 sick days. The Union also sought a penalty for Sea Park's failure to pay by February 1, 2005.

11. On February 8 and March 31, 2006, hearings were held before Arbitrator Berman at the Office of the Contract Arbitrator located at 50 West 23rd Street, Manhattan, New York.

Sea Park appeared at the hearing. Both sides had the opportunity to present evidence through sworn testimony and documents.

12. On June 14, 2006, Arbitrator Berman issued an Opinion and Award finding that Sea Park violated the IAHA when it failed to pay employees unused sick days. Arbitrator Berman ordered Sea Park to pay employees all monies owed including an additional day's pay as a penalty. A true copy of the award is attached hereto as exhibit B.

13. To date, Sea Park has failed and refused to comply with Arbitrator Berman's Award, in that it has failed to pay Alex Santiago for nine unused sick days, and has failed to pay the one-day penalty to employees.

14. In rendering his Opinion and Award, Arbitrator Berman acted within the scope of his authority to decide disputes arising under the parties' collective bargaining agreement.

15. Arbitrator Berman's award is procedurally and substantively valid under the standards of federal labor arbitration law.

16. Sea Park's failure to comply with Arbitrator Berman's award is in bad faith, without justification, and for purposes of delay.

17. The IAHA provides in Article V, that if the Union successfully sues to enforce an arbitration award against the Employer, it is entitled to attorney's fees and court costs from the Employer. Exhibit A, page 3.

18. Without this Court's order confirming and enforcing the arbitrator's award, Sea Park will continue to refuse to comply with the award.

WHEREFORE, Plaintiff requests the following relief:

1. An order of this Court confirming and enforcing Arbitrator Berman's June 14, 2006 arbitration award;

2. An order of the Court directing payment to employee Alex Santiago of seventy two (72) hours pay at the 2004 rate, for a total of $1,251.576.

3. An additional penalty payment of one (1) hours pay at the 2004 rate to each Sea Park employee including: Anthony Maitland, Francisco Morillo, Carlton Young, Hubert Escoffery, George St. Bernard, Efraim Feliciano, Ravindra Madramuthu, Remigio Zapata, Everton Clemmings, Lorenzo Luna, Clarence Walls, Martin Vasquez, Cristobal Hernandez, Rudolf Kirton, Alex Santiago, Gordon Jackman, Clifford Ackerman, Keith Stultz, David Vasquiz, for a total of $330.277.

4. An order of this Court requiring Sea Park to pay prejudgment interest at an annual rate of 9% on the amounts due under ¶2 and ¶3, from the date of the award;

5. An order of this Court requiring Sea Park to reimburse Local 32BJ for the costs and reasonable attorneys fees incurred in bringing this action, as provided by Article V of the contract; and

6. Such other and further relief as the Court deems just and proper.

Dated: June 11, 2007

Office of the General Counsel,
SEIU, Local 32BJ

By: _/s/ Katherine D._
Katherine Dunn (KD 0872)

Associate General Counsel
SEIU, Local 32BJ
101 Ave. of the Americas, 19th floor
New York, New York 10013
Telephone:   212-388-3970
Facsimile:   212-388-2062
Attorneys for Plaintiff